UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL LAWRENCE WALLACE,
                          CIVIL CASE NO. 21-11767
                          CRIM CASE NO. 19-20570
      *Petitioner*,      DISTRICT JUDGE THOMAS L. LUDINGTON
v.                           MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

      *Respondent*.
_____/

**REPORT & RECOMMENDATION TO DISMISS PETITIONER'S
CIVIL CASE FOR FAILURE TO PROSECUTE AND TO DENY
ALL PENDING MOTIONS AS MOOT
(ECF Nos. 29, 35)**

**I.    Introduction and Recommendation**

Petitioner Michael Wallace filed the instant motion to vacate sentence on July 16, 2021 and a corresponding civil case was opened. (ECF No. 29.) On September 9, 2021, Respondent filed a motion to dismiss the motion to vacate because it was not properly sworn and signed.(ECF No. 35.) Although ordered to do so, Petitioner did not file any response to the Respondent's motion to dismiss. (ECF No. 38.) Petitioner sent a letter that was filed on September 24, 2021, and in the letter he appeared to indicate that he intended to withdraw his motion to vacate. (ECF No. 40.) On October 13, 2021, the Court sent a notice to Petitioner, informing him as to how to withdraw his motion if he did intend to withdraw it. (ECF No. 41.) Having not heard anything from Petitioner, the Court entered an Order to Show Cause why the case should not be dismissed for failure to prosecute on

1

November 22, 2021. (ECF No. 42.) Petitioner was given until December 13, 2021 to respond to the Order to show cause. Petitioner has not responded.

Consequently, I **RECOMMEND DISMISSING** this civil case *sua sponte* under Fed. R. Civ. P. 41(b) and Local Rule 41.2 for failure to prosecute. I further recommend that the currently pending motions to vacate sentence and to dismiss (ECF Nos. 29, 35) be **denied as moot**.

## II.  Report

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit employs four factors to determine whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Regarding the first factor, Petitioner appears to have wanted to withdraw his motion to vacate sentence but simply failed to follow through on the process. Consequently, the first factor weighs in favor of dismissal.

Regarding the second factor, Defendant is prejudiced by Plaintiff's abandonment of the case. As to third factor, Plaintiff was warned in the Order to Show Cause of the potential consequence of his inaction; therefore, this factor also weighs in favor of dismissal.

Consequently, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available."). The fourth factor therefore weighs in favor of dismissal.

Thus, all four factors support dismissing Petitioner's civil case and I recommend dismissal of the civil case for failure to prosecute.

### C. Conclusion

Accordingly, I **RECOMMEND** that the civil case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute.

### III. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file

4

a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 20, 2021                              S/ PATRICIA T. MORRIS
                                                                Patricia T. Morris
                                                                United States Magistrate Judge